IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
OCT 19 2007
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | 1:07cr219, 297(JCC) |
| WILLIAM EDWARD WILSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### (STATEMENT OF REASONS)

This matter is before the Court for sentencing.

### I. Background

On July 30, 2007, Defendant William Edward Wilson pled guilty to Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). The pre-sentence report ("PSR") prepared for Wilson places him as a category I offender with a total offense level of 40. The PSR applies several enhancements, two of which are relevant here: (1) a five offense level enhancement under U.S.S.G. § 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, and (2) a five offense level enhancement under U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of activity involving prohibited sexual conduct. A total offense level of 40 yields a Guidelines range of 292 to 365 months.

1

## II. Analysis

Defendant objects to the PSR on two grounds. First, Defendant objects to the application of the U.S.S.G. § 4B1.5(b)(1) enhancement. Second, Defendant moves this Court for a downward departure from the Guidelines on the ground of diminished capacity. The Court will address each of these arguments in sequence.

### A. Section 4B1.5(b)(1) enhancement

In calculating Defendant's offense level for his receipt of child pornography count, the PSR added five offense levels under U.S.S.G. § 2G2.2(b)(5) because Defendant had "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5). In calculating Defendant's total offense level, the PSR added another five levels under U.S.S.G. § 4B1.5(b)(1), which permits such an addition "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." *Id.* § 4B1.5(b). Defendant argues that applying both enhancements constitutes enhancing Defendant's offense level twice for the same underlying conduct.

The Commentary to Section 4B1.5 defines "covered sex crime" as "an offense, perpetrated against a minor," including those under chapters 109A, 110 (excluding "trafficking in,

2

receipt of, or possession of, child pornography"), and 117 of title 18 of the United States Code. U.S.S.G. § 4B1.5, Application Note 2. According to Defendant, Section 4B1.5 excludes an enhancement where a defendant engaged in a pattern of activity involving child pornography because Section 2G2.2(b)(5) already includes a five level enhancement for child pornography cases. Thus, says Defendant, he is subject to the enhancement under Section 2G2.2(b)(5), but not the one under Section 4B1.5(b)(1). However, the term "covered sex crime" in Section 4B1.5(b) includes the other count to which Defendant pled guilty: coercion and enticement of a minor, codified in chapter 117 of title 18. It is this conviction, rather than that for the receipt of child pornography, that qualifies Defendant for a Section 4B1.5(b)(1) enhancement.

The proper application of the Guidelines thus proceeds as follows. Chapter Three, Part D of the Guidelines "provides rules for determining a single offense level that encompasses all counts of which the defendant is convicted." U.S.S.G. ch. 3, pt. D, intro. comm. Once that single, "combined" offense level is determined, it is then used to ascertain the appropriate sentence. See Id. § 3D1.5. However, the combined offense level is also "subject to adjustments from Chapter Three, Part E (Acceptance of Responsibility) and Chapter Four, Part B (Career Offenders and Criminal Livelihood)." Id. § 3D1.5, Commentary.

3

This statement is consistent with Section 4B1.5(b)(1), which states that where Section 4B1.5(b) is applicable, five points should be added to "the offense level determined under Chapters Two and Three." *Id.* § 4B1.5(b)(1). Therefore, even where a five level enhancement applies to one particular count under Section 2G2.2(b)(5), an additional five level enhancement may apply to the combined offense level under Section 4B1.5(b)(1).

Here, the PSR applied the Section 2G2.2(b)(5) five point enhancement to the receipt of child pornography count, and then applied the Section 4B1.5(b)(1) five point enhancement to the combined offense level based on the coercion and enticement count, to arrive at the appropriate total offense level of 40. Because the PSR properly applied the Guidelines, the Court will overrule Defendant's objection.

### B. Defendant's request for a downward departure

Defendant asks this Court for a downward departure from the Guidelines on the ground that he committed the underlying offenses while suffering from Bipolar Disorder, a form of diminished capacity. Under Section 5K2.13, "[a] downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) [that reduced capacity] contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13. However, the Guidelines prohibit departure due to

diminished capacity where a defendant has been convicted of an offense under chapters 71, 109A, 110, or 117 of title 18 of the United States Code. *Id.* Congress directly amended Section 5K2.13 to include this prohibition in 2003. *See* Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650, 669 (2003).

Here, Defendant pled guilty to coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b), codified in chapter 117 of title 18, and receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), codified in chapter 110 of title 118. Thus, by the plain language of Section 5K2.13, Defendant is not entitled to a downward departure based on diminished capacity.

The Court realizes that it may depart upwards or downwards from this Guideline range upon consideration of the factors in 18 U.S.C. 3553(a). Even if the Guidelines did not yield a range of 292 to 365 months of imprisonment, the Court finds in the alternative that thorough consideration of the 3553(a) sentencing factors requires the imposition of a sentence of 292 months on the coercion and enticement count, and a sentence of 240 months imprisonment on the receipt of child pornography count, set to run concurrently, along with a life

term of supervised release. Accordingly, Defendant's request for a downward departure will be denied.

### III. Conclusion

For the foregoing reasons, the Court will not adjust Defendant's sentence based on his objections. In sum, Defendant's total offense level is 40. With a criminal history category of I, this results in a Guidelines range of 292 to 365 months, from which no downward departure is warranted. After thorough consideration of the relevant circumstances and 3553(a) factors, the Court finds that a sentence within the Guideline range of 292 months on the coercion and enticement count, and a sentence of 240 months of imprisonment on the receipt of child pornography count, set to run concurrently, along with a life term of supervised release, is necessary and appropriate.

/s/
James C. Cacheris
United States District Judge

October 19, 2007
Alexandria, Virginia

_____
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE